**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAMAZ IAZGULYAN, | No. 11-70028 |
| Petitioner, | Agency No. A095-306-524 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014**

Before:    CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Tamaz Iazgulyan, a native and citizen of Georgia, petitions pro se for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, including adverse credibility determinations, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny the petition for review.

The agency found Iazgulyan not credible because his testimony omitted the most significant incident of harm he alleged in his supporting declarations, namely, his kidnaping and beating by Georgian nationalists, and he failed to explain the omission. Substantial evidence supports the agency's adverse credibility determination. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (adverse credibility finding supported by key omissions that go to the heart of the claim); *see also Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) ("Material alterations in the applicant's account of persecution are sufficient to support an adverse credibility finding."); *cf. Garrovillas v. INS*, 156 F.3d 1010, 1013-14 (9th Cir. 1998) (adverse credibility finding not supported where BIA did not address applicant's explanation for omission). In the absence of credible testimony, Iazgulyan's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Iazgulyan's CAT claim also fails because it is based on the same statements found not credible, and the record does not otherwise compel the finding that it is

more likely than not that he would be tortured if returned to Georgia. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**